983 So.2d 595 (2007)
EASTON-BABCOCK & ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
TRIVEST, INC., a Delaware Corporation, Appellee.
No. 3D05-2028.
District Court of Appeal of Florida, Third District.
May 23, 2007.
Homer & Bonner, Miami; Joel S. Perwin, for appellant.
Gilbride, Heller & Brown, and Lewis N. Brown, and Terence M. Mullen, and Elizabeth A. Izquierdo, Miami, for appellee.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
RAMIREZ, J.
Easton-Babcock & Associates, Inc. appeals the trial court's order granting partial summary judgment in favor of appellee Trivest, Inc., and denying its motion for summary judgment. We reverse because there was no evidence to support the entry of the partial summary judgment as Easton-Babcock never received funds for distribution to Trivest.
This case involves a dispute over the collection of substantial fees due pursuant to a contractual agreement entered into for the development of a 300-acre commercial real estate project in Miami-Dade county known as International Corporate Park. The 300-acre property was divided into three parcels which were transferred to three newly created limited partnerships. Edward W. Easton is the principal and the corporate general partner of these entities.
*596 In its Complaint, Trivest alleges that Easton diverted developmental funds to himself, rather than to Easton-Babcock, through these various entities that paid Easton in the form of guarantor fees. These payments would have otherwise been due to be split with Trivest under an existing contract between Trivest and Easton-Babcock. This contract provided that "each would share 50/50 any fees for development of the project after all expenses." The various partnerships ultimately made development fee payments in excess of two million dollars.
The parties introduced the testimony of numerous witnesses and documents to explain the context of the contract between Trivest and Easton-Babcock and describe the parties' involvement throughout the development of the project. Both sides moved for summary judgment. The trial court found that Easton-Babcock had failed to distribute to Trivest a certain percentage of money representing the developmental fee for the project. Trivest's claim against Easton remains pending before the trial court. It is uncontradicted that Easton-Babcock had no funds available to distribute to Trivest.
We only address Trivest's breach of contract claim against Easton-Babcock and agree with Easton-Babcock that it did not breach its contractual obligations to Trivest under the contract between Trivest and Easton-Babcock. Under this contract, Easton-Babcock had an obligation to divide any development funds which it received to Trivest. The payment of development money to Easton-Babcock was thus a condition precedent of any division of money with Trivest. See Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421, 427 (1930). In Ballas, the subject contract:
[F]ixed a time of payment, namely, when . . . payment [was] `received' by the defendant. This being a conditional promise, the payment became due only after the receipt of the cash payment by the defendant, inasmuch as a condition precedent must be exactly performed or fulfilled before the promise can be enforced. . . .
Id. (emphasis added).
We can find no event that triggered the conditional promise herethe payment of development funds to Easton-Babcock which entitled Trivest to a division of funds. The funds at issue in this case represent funds Easton-Babcock did not receive. Trivest admitted that Easton-Babcock did not receive payment of any fees from the project. Additionally, Trivest did not introduce evidence to the contrary, nor did the trial court make any findings on this point. Because Easton-Babcock had no funds to distribute to Trivest, it was not entitled to the entry of partial summary judgment in its favor. See Mann v. Lena Horne Beauty Products, Inc., 174 So.2d 450, 451 (Fla. 3d DCA 1965)(where this Court held that "it is apparent from the record that the plaintiff had never parted with any money for the alleged purchase of the stock interest involved. Not having parted with any consideration, it was impossible for the money to have been converted, etc.").
We therefore reverse the entry of partial summary judgment in Trivest's favor for the reasons stated. We further reverse the trial court's denial of Easton-Babcock's motion for summary judgment on Trivest's breach of contract claim, and on remand direct the trial court to enter final judgment in Easton-Babcock's favor.
Reversed and remanded.